In the Matter of the Application for the Revocation of the Letters of General Guardianship Heretofore Issued to Max Schaffer of the Person and Estate of Ruth Schaffer, Infant, and the Removal of Said General Guardian.

Surrogate's Court, Bronx County, March 9, 1933.

*Engel Brothers*, for the general guardian.

*Robert A. Dillon*, for the special guardian.

HENDERSON, S. The special guardian, duly appointed for the purpose of applying for the removal of the general guardian (Surr. Ct. Act, § 193), has petitioned for the revocation of the letters of guardianship. The general guardian has filed an inventory and account for the year 1931, and a supplemental inventory and account for the year 1932. They purport to be accounts for the entire period of the guardianship, and disclose that the general guardian has invested $18,307.06 of the infant's funds in certain bonds which do not come within the classifications prescribed in section 239 of the Banking Law. The special guardian objects to such investments as improper.

The only statutes relative to investments by a general guardian provide that he *may* invest the trust funds in his possession in certain specified classes of securities (Dom. Rel. Law, § 85; Dec. Est. Law, § 111; Pers. Prop. Law, § 21; Bank. Law, § 239). The general guardian's contention that these statutes are not mandatory nor restrictive, except as to investments by savings banks, is not material in this proceeding. One of the statutory grounds for revocation of a general guardian's letters is " where, by reason of his having * * * invested money in securities unauthorized by law, * * * he is unfit for the due execution of his office " (Surr. Ct. Act, § 99). This infant's money was invested in securities unauthorized by statute or by any rule of equity. That fact alone would be sufficient ground for removing the guardian even where no loss results from such investment, as a necessary step to preserve the trust funds for the infant. This general guardian, however, states in his supplemental account that his ward has sustained a total loss of $10,049.37 by reason of depreciation in the value of these securities. That the respondent acted honestly and in good faith has not been questioned. Before making the investments he sought and obtained the advice of an official of a large banking institution. He acted on that advice and the surety company on his bond took and kept the purchased securities in its control. The guardianship letters will be revoked and the respondent will be directed to account (Surr. Ct. Act, § 85). Allowance to the special guardian chargeable upon the county. Settle decree accordingly.